# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**VICTORIA C. REDDICK**                                                                                  **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:17-cv-00530-DPJ-FKB**

**SAINT DOMINIC HOSPITAL,**
**And JOHN DOES 1-10**                                                            **DEFENDANTS**

## DEFENDANT ST. DOMINIC-JACKSON MEMORIAL HOSPITAL'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant St. Dominic-Jackson Memorial Hospital ("St. Dominic's"), incorrectly named in this Complaint as "Saint Dominic Hospital," files its Answer and Affirmative Defenses to the Complaint filed against it by Plaintiff Victoria C. Reddick ("Plaintiff"). All allegations contained in Plaintiff's Complaint are denied unless expressly admitted by St. Dominic's.

## ANSWER

St. Dominic's makes the following response to each numbered paragraph of the Complaint as follows:

## I.
## The Parties

1. St. Dominic's has insufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. St. Dominic's admits that it is a Mississippi non-profit organization with its corporate headquarters located at 969 Lakeland Drive, Jackson, Mississippi 39216. St. Dominic's expressly denies that Mary Dorothea Sondgeroth is its agent for service of process. St. Dominic's denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. St. Dominic's admits that at the times referenced in the Complaint, it continuously employed at least fifteen (15) people. St. Dominic's denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint does not appear to assert allegations against St. Dominic's which would require a response from St. Dominic's. To the extent a response may be required, St. Dominic's has insufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

## II.
### Jurisdiction and Venue

5. St. Dominic's responses to Paragraphs 1-4 of the Complaint are incorporated herein.

6. St. Dominic's admits that jurisdiction and venue are appropriate in this Court. St. Dominic's denies the remaining allegations of Paragraph 6 of the Complaint.

## III.
### Facts

7. St. Dominic's responses to Paragraphs 1-6 of the Complaint are incorporated herein.

8. St. Dominic's admits that it hired Plaintiff as an employee in its Lab Department on September 24, 2014. St. Dominic's denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. St. Dominic's denies the allegations contained in Paragraph 9 of the Complaint.

10. St. Dominic's denies the allegations contained in Paragraph 10 of the Complaint.

11. St. Dominic's denies the allegations contained in Paragraph 11 of the Complaint.

12. St. Dominic's denies the allegations contained in Paragraph 12 of the Complaint.

13. St. Dominic's admits that Plaintiff arrived late for work on numerous occasions during her employment. St. Dominic's denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. St. Dominic's admits that Plaintiff arrived late for work on numerous occasions during her employment. St. Dominic's further admits that Plaintiff was coached and counseled and issued disciplinary citations due to her excessive tardiness. St. Dominic's further admits that Plaintiff received a Written Disciplinary Citation on June 17, 2015 for her continued violation of St. Dominic's personnel policies, including its employee attendance policy. St. Dominic's denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. St. Dominic's denies the allegations contained in Paragraph 15 of the Complaint.

16. St. Dominic's denies the allegations contained in Paragraph 16 of the Complaint.

17. St. Dominic's denies the allegations contained in Paragraph 17 of the Complaint.

18. St. Dominic's denies the allegations contained in Paragraph 18 of the Complaint.

19. St. Dominic's denies the allegations contained in Paragraph 19 of the Complaint.

20. St. Dominic's denies the allegations contained in Paragraph 20 of the Complaint.

21. St. Dominic's denies the allegations contained in Paragraph 21 of the Complaint.

22. St. Dominic's denies the allegations contained in Paragraph 22 of the Complaint.

23. St. Dominic's denies the allegations contained in Paragraph 23 of the Complaint.

24. St. Dominic's admits that Plaintiff arrived late for work on numerous occasions during her employment. St. Dominic's further admits that Plaintiff was coached and counseled and issued disciplinary citations due to her excessive tardiness. St. Dominic's further admits that Plaintiff received a Final Disciplinary Citation on August 21, 2015 for her continued violation of

St. Dominic's personnel policies, including its employee attendance policy. St. Dominic's denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. St. Dominic's admits that Plaintiff initiated an internal complaint with St. Dominic's regarding her allegations concerning Shaun White in October 2015. St. Dominic's further admits that it investigated Plaintiff's allegations. St. Dominic's denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. St. Dominic's admits that it terminated Plaintiff's employment on November 19, 2015 based on her repeated violation of St. Dominic's personnel policies, including its employee attendance policy. St. Dominic's denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. St. Dominic's denies the allegations contained in Paragraph 27 of the Complaint.

28. St. Dominic's denies the allegations contained in Paragraph 28 of the Complaint.

29. St. Dominic's admits that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 4, 2015 and that the EEOC issued a Notice of Right to Sue to Plaintiff on April 3, 2017. St. Dominic's further states that the Charge of Discrimination and Notice of Right to Sue speak for themselves.

30. St. Dominic's denies the allegations contained in Paragraph 30 of the Complaint.

31. St. Dominic's denies the allegations contained in Paragraph 31 of the Complaint.

32. St. Dominic's denies the allegations contained in Paragraph 32 of the Complaint.

## IV.
## Causes of Action

### Count I: (Sex Discrimination)

33. St. Dominic's responses to Paragraphs 1-32 of the Complaint are incorporated herein.

34. St. Dominic's denies the allegations contained in Paragraph 34 of the Complaint.

35. St. Dominic's denies the allegations contained in Paragraph 35 of the Complaint.

### Count II: (Retaliation)

36. St. Dominic's responses to Paragraphs 1-35 of the Complaint are incorporated herein.

37. St. Dominic's denies the allegations contained in Paragraph 37 of the Complaint.

### Count III: (Negligence)

38. St. Dominic's denies the allegations contained in Paragraph 38 of the Complaint.

### Count IV: (Wanton Negligence)

39. St. Dominic's denies the allegations contained in Paragraph 39 of the Complaint.

### Count IV (sic) - (Negligent Infliction of Emotional Distress)

40. St. Dominic's denies the allegations contained in Paragraph 40 of the Complaint.

### Count V: (Attorney's Fees)

41. St. Dominic's denies the allegations contained in Paragraph 41 of the Complaint.

### V.
### Demand for Jury Trial

32. (sic)   St. Dominic's responses to Paragraphs 1-41 of the Complaint are incorporated herein.

33. (sic)   St. Dominic's denies the allegations contained in Paragraph 33 (sic) of the Complaint.

### IV.
### Prayer for Relief

34. (sic)   St. Dominic's responses to Paragraphs 1-43 (erroneously numbered in the Complaint as 1-33) are incorporated herein.

St. Dominic's denies the allegations contained in the unnumbered paragraph of the Complaint beginning with "WHEREFORE, PREMISES CONSIDERED," including subparts (a)-(e). St. Dominic's specifically denies that the Plaintiff is entitled to any relief whatsoever. Therefore, St. Dominic's demands that the Plaintiff's claims be dismissed with Plaintiff bearing all costs, including St. Dominic's reasonable attorney's fees. All allegations of the Complaint not heretofore admitted are hereby denied specifically.

## AFFIRMATIVE DEFENSES

And now, having answered the allegations in the Complaint, St. Dominic's sets forth its specific affirmative defenses, as follows:

### First Affirmative Defense

Some or all of the allegations in the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped by her own acts and conduct from recovering the relief requested.

### Third Affirmative Defense

Plaintiff's Complaint against St. Dominic's is barred by the applicable statute of limitations and/or the doctrines of waiver, estoppel, laches and/or unclean hands.

### Fourth Affirmative Defense

St. Dominic's affirmatively pleads insufficient process and insufficient service of process. Plaintiff failed to name the correct defendant in the pleadings and summons.

### Fifth Affirmative Defense

St. Dominic's asserts all affirmative defenses available under the Mississippi Workers' Compensation Act ("MWCA"), Miss. Code Ann. §71-3-1 *et. seq.*, including but not limited to

the exclusive remedy provision of the MWCA. Some or all of Plaintiff's tort claims must fail because they are barred by the exclusive remedy provision of the MWCA. At all times, the relationship between St. Dominic's and Plaintiff was that of employer and employee. As such, some or all of Plaintiff's tort claims against St. Dominic's are subject to the MWCA.

### Sixth Affirmative Defense

St. Dominic's specifically denies that it is guilty of the acts, deeds or other occurrences alleged in the Complaint which would in any way give rise to any claim in favor of Plaintiff against it, denies that Plaintiff has any cause of action against St. Dominic's for any reason, and denies that Plaintiff is entitled to recover any sum from St. Dominic's.  St. Dominic's demands strict proof of all alleged damages.

### Seventh Affirmative Defense

St. Dominic's did not breach any legal duty allegedly owing to Plaintiff, has at all times complied with the applicable standards of care, and did not commit nor is it responsible for any act which proximately caused or contributed to any actionable damages or harm to Plaintiff.

### Eighth Affirmative Defense

Plaintiff suffered no damages actually or proximately caused by the actions and/or inactions of St. Dominic's.

### Ninth Affirmative Defense

St. Dominic's states that it neither knew nor showed reckless disregard for whether its conduct was prohibited by law.

### Tenth Affirmative Defense

St. Dominic's asserts all affirmative defenses available under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, *et seq*., including applicable case law.

### Eleventh Affirmative Defense

St. Dominic's states that its policies, practices and procedures are applied equally among all employees.

### Twelfth Affirmative Defense

To the extent that Plaintiff's claims exceed the scope of her EEOC Charge of Discrimination, such claims are barred.

### Thirteenth Affirmative Defense

To the extent Plaintiff seeks to litigate claims arising out of acts or omissions occurring more than 180 days before the filing of her charges of discrimination with the EEOC, such claims are barred by the applicable statute of limitations set forth in Title VII, and are barred because Plaintiff failed to properly exhaust her administrative remedies.

### Fourteenth Affirmative Defense

St. Dominic's states that any action(s) taken by it with regard to Plaintiff's employment was/were taken for legitimate, non-discriminatory and/or non-retaliatory business reasons. Plaintiff cannot demonstrate that any such reasons were pre-textual. Any action(s) taken by St. Dominic's with regard to Plaintiff's employment was/were taken in good-faith. St. Dominic's did not act arbitrarily or capriciously or in any manner inconsistent with the reasonable expectations of the parties, and at all times acted with the appropriate skill and care.

### Fifteenth Affirmative Defense

St. Dominic's states that Plaintiff cannot establish a *prima facie* case of discrimination and/or retaliation under Title VII.

**Sixteenth Affirmative Defense**

Plaintiff has failed to allege conduct that is severe or pervasive such that it states a claim for harassment and/or hostile work environment.

**Seventeenth Affirmative Defense**

Plaintiff's discrimination claims, including any claims for harassment and/or hostile environment, fail because St. Dominic's met its obligation to provide an effective complaint procedure, to provide preventative/corrective mechanisms to address allegations of discrimination and/or harassment, and to take reasonable measures to prevent discrimination and/or harassment. Plaintiff failed to timely and/or appropriately follow St. Dominic's complaint procedures.

**Eighteenth Affirmative Defense**

Plaintiff unreasonably failed to take advantage of St. Dominic's preventive or corrective measures for alleged workplace discrimination, harassment, and/or retaliation. Moreover, Plaintiff failed to avail herself of St. Dominic's mechanisms for seeking internal administrative relief for her claims of employment discrimination.

**Nineteenth Affirmative Defense**

St. Dominic's states that it promptly and thoroughly investigated any and all complaints of perceived discrimination and/or retaliation. St. Dominic's took reasonable steps to investigate, prevent and promptly correct allegations

**Twentieth Affirmative Defense**

St. Dominic's states that Plaintiff cannot establish a causal connection between any protected activity she purports to have engaged in and any protected characteristic and/or any adverse employment action taken by St. Dominic's.

**Twenty-First Affirmative Defense**

St. Dominic's states that, even if Plaintiff is able to prove that a prohibited factor motivated St. Dominic's alleged employment action, which it expressly denies, the same action would have been taken absent such motivation, and therefore, Plaintiff's claims must fail.

**Twenty-Second Affirmative Defense**

Plaintiff's claim for infliction of emotional distress, if any, must fail because St. Dominic's conduct, acts, language or silence did not result in a demonstrable injury which is medically cognizable and which requires or necessitates treatment by the medical profession.

**Twenty-Third Affirmative Defense**

Plaintiff's claim for emotional distress, if any, must fail because St. Dominic's did not engage in conduct, acts, language or silence that was extraordinary, malicious, grossly careless, and outrageous, or which would otherwise be sufficient to sustain a claim for infliction of emotional distress, and St. Dominic's did not cause Plaintiff severe emotional distress. Further, the harm alleged in Plaintiff's Complaint was not a reasonably foreseeable result of any of St. Dominic's alleged conduct, acts, language, or silence.

**Twenty-Fourth Affirmative Defense**

Some or all of Plaintiff's claims are barred by her failure to mitigate her damages. Additionally, any amounts allegedly owed must be offset by Plaintiff's interim earnings and/or amounts earnable with reasonable diligence.  To the extent Plaintiff has failed to reasonably seek employment following her respective termination (if applicable), or has otherwise removed herself from the labor market, Plaintiff's claim for back wages are barred.

**Twenty-Fifth Affirmative Defense**

Plaintiff failed to plead items of special damage, if any, with sufficient particularity.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims for punitive damages are limited by the holdings of the United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 1210 S.Ct. 1678 (2001), and *State Farm v. Campbell*, 1240 S.Ct. 1513 (2003).

### Twenty-Seventh Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted for punitive damages. Plaintiff cannot prove the facts necessary under applicable law to substantiate an award of punitive damages, and therefore, St. Dominic's affirmatively denies that it is liable to Plaintiff for punitive damages. Any award of punitive or liquidated damages would be contrary to St. Dominic's good faith efforts to comply with the law.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims for punitive damages violate the United States Constitution, the Mississippi Constitution and Mississippi Code Annotated §11-1-65, and do not satisfy the requirements of applicable law, including but not limited to Title VII.

### Twenty-Ninth Affirmative Defense

St. Dominic's at all times acted in good faith to comply with all applicable equal employment laws, and acted with reasonable grounds to believe that its actions did not violate applicable federal laws, including statues cited in Plaintiff's Complaint. St. Dominic's affirmatively asserts a lack of willfulness or intent to violate these statutes as a defense to any claim by Plaintiff for punitive damages.

### Thirtieth Affirmative Defense

St. Dominic's reserves its rights under Federal Rules of Civil Procedure 12(b) and (c).

**Thirty-First Affirmative Defense**

Any injury allegedly sustained by the Plaintiff was due in whole or in part to her own conduct, or the conduct of others, for which St. Dominic's is not responsible and/or the intervening conduct of third parties.  St. Dominic's reserves the right to seek an allocation of fault to and contribution from such party/parties, and St. Dominic's invokes the benefits of Mississippi Code Annotated § 85-5-7.

**Thirty-Second Affirmative Defense**

St. Dominic's did not engage in conduct that evidenced a willful, wanton or reckless disregard for the safety of others, including Plaintiff, or any other conduct which would otherwise be sufficient to sustain a claim for negligence and/or wanton negligence.  Further, the harm alleged in Plaintiff's Complaint was not a reasonably foreseeable result of any of St. Dominic's alleged conduct.

**Thirty-Third Affirmative Defense**

At all relevant times, St. Dominic's acted in good faith and consistent with principles of law.  Any alleged acts or omissions by St. Dominic's were undertaken or made in good faith and in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of applicable federal agencies, or the courts.

**Thirty-Fourth Affirmative Defense**

At all material times, St. Dominic's paid Plaintiff all sums of money to which she was entitled while an employee of St. Dominic's, in accordance with applicable federal law.

**Thirty-Fifth Affirmative Defense**

The facts not having been fully developed, St. Dominic's adopts any affirmative defenses not specifically cited in this Answer, any other matter constituting an avoidance or affirmative

defense as may be shown by the facts in this cause, and hereby reserves its right to amend its Answer to assert any such defense.

WHEREFORE, St. Dominic's requests judgment be entered in its favor as follows:

(1) That Plaintiff take nothing by this Complaint;

(2) That judgment be entered in favor of St. Dominic's and against Plaintiff in this action;

(3) That St. Dominic's be awarded reasonable attorneys' fees and costs of suit incurred herein as otherwise provided by law; and

(4) Such other relief as this Court may deem just and proper.

Respectfully submitted, this the 28th day of November, 2017.

**ST. DOMINIC-JACKSON MEMORIAL HOSPITAL**

By: */s/ Lauren O. Lawhorn*
      One of Its Attorneys

OF COUNSEL:
Stephen J. Carmody, MSB #8345
Lauren O. Lawhorn, MSB #103896
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
scarmody@brunini.com
llawhorn@brunini.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ottowa E. Carter, Jr.
Ottowa E. Carter, Jr., P.A.
604 Hwy 80 W., Suite N
Clinton, MS 39056

This the 28th day of November, 2017.

                By: /s/ *Lauren O. Lawhorn*
                    Lauren O. Lawhorn