IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VICTORIA C. REDDICK**                                                                 **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:17-cv-00530-DPJ-FKB**

**SAINT DOMINIC HOSPITAL,**
**And JOHN DOES 1-10**                                                                 **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF**
**DEFENDANT ST. DOMINIC-JACKSON MEMORIAL HOSPITAL'S**
**PARTIAL MOTION TO DISMISS**

In her Complaint, Plaintiff Victoria Reddick ("Reddick") vaguely and erroneously alleges that Defendant St. Dominic-Jackson Memorial Hospital ("St. Dominic's"), incorrectly named in this Complaint as "Saint Dominic Hospital," discriminated against her on the basis of her gender and acted negligently in regards to her employment.  Reddick's Compliant fails to state a claim upon which relief can be granted for gender discrimination because she fails to allege that she was treated differently than other similarly situated males, and in fact alleges just the opposite. Additionally, Reddick's Complaint fails to state a claim upon which relief can be granted for negligence, wanton negligence, and negligent infliction of emotional distress because the Mississippi Workers' Compensation Act is the exclusive remedy for an employee's claims based on negligence.  As explained more fully in the following sections of this memorandum, the Court should dismiss a majority of Reddick's claims against St. Dominic's pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.       APPLICABLE LAW.**

To overcome a Rule 12(b)(6) motion to dismiss under the heightened standard established by the United States Supreme Court, a plaintiff must plead specific factual

1

allegations to state a claim for relief that rises above "the speculation level" and that is "plausible on its face."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  To establish "facial plausibility," a plaintiff must plead "enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (emphasis added).  In other words, to pass Rule 12(b)(6) muster, a plaintiff's claim must be "plausible"—not merely possible or conceivable.  *Twombly*, 550 U.S. at 570.

Accordingly, a complaint fails to show entitlement to relief where the allegations do not contain specific factual allegations to permit the court to infer more than the mere possibility or conceivability of misconduct.  *Iqbal*, 129 S.Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2) (emphasis added)).  A pleading fails to meet the "facial plausibility" standard by offering only "labels and conclusions." *Twombly*, 550 U.S. at 555-56.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Ivy v. Lane Furniture Indus., Inc.*, 2009 WL 1663439, at *2 (N.D. Miss. June 15, 2009) (citing *Twombly*, 550 U.S. at 558).  The "plausibility standard" requires more than mere suggestions and allusions that the defendant acted unlawfully.  *Iqbal*, 129 S.Ct. at 1950.  Courts must draw on their "judicial experience and common sense" in making this determination.  *Id*.

## II.  LEGAL ARGUMENT AND AUTHORITIES.

Reddick's Complaint alleges five separate causes of action against St. Dominic's: (1) gender-based discrimination; (2) retaliation; (3) negligence; (4) wanton negligence; and (5) negligent infliction of emotional distress.  *See* Compl., [Dkt. 1], at ¶¶33-40.  Setting aside her

claim for alleged retaliation solely for purposes of this Motion, Plaintiff's Complaint fails to state a viable claim against St. Dominic's upon which relief can be granted for a variety of reasons.

### A.     **Reddick's Claim for Gender-Based Discrimination is Facially Deficient.**

Reddick's claim of gender-based discrimination under Title VII is facially deficient, as it fails to state a claim for relief under the framework set forth by the United States Supreme Court in *Twombly* and *Iqbal*, and endorsed by the Fifth Circuit and Mississippi district courts.  *See*, *e.g.*, *Gentry v. Jackson State Univ.*, 161 F. Supp. 3d 418 (S.D. Miss. 2015); *Lane Furniture Indus.*, 2009 WL 1663439, at *2; *Mitchell v. Crescent River Port Pilots Assoc.*, 265 Fed. Appx. 363, 370-71 (5th Cir. 2008).  To make out a facially viable claim of gender discrimination, Reddick must allege sufficient facts to state all of the essential elements of her gender-based employment discrimination claim—that is, that she suffered actionable discrimination on the basis of her protected status (i.e., her gender).  *Gentry*, 161 F. Supp. 3d at 421-22 (holding that plaintiff's allegations were insufficient to state a claim for gender discrimination because she failed to allege facts sufficient to state all the elements of her claim, namely that she was paid less than a nonmember of her protected class for work requiring substantially the same responsibility) (citing *Mitchell*, 265 Fed. Appx. at 370).

In her Complaint, Reddick vaguely and conclusively alleges that she sustained gender-based discrimination based on her termination from St. Dominic's. *See* [Dkt. 1] at ¶¶33-35. Specifically, Reddick alleges that she belongs to a protected group based on her female gender; that she suffered an adverse employment action when she was terminated; and that she was subjected to adverse treatment due to her gender because "she was treated less favorably that other similarly situated **females**." *Id.* at ¶35 (emphasis added).  In support of this incorrect conclusory allegation, Reddick contends that:

- Her supervisor refused to allow her to come in late or alter her work schedule, despite allowing another **female** co-worker to do so (*see* [Dkt. 1] at ¶¶13-16) (emphasis added); and

- She was denied a transfer request to an alternate position, which was in-turn given to another **female** co-worker (*see* [Dkt. 1] at ¶17) (emphasis added).

While an employment discrimination plaintiff does not have to plead all of the elements of a *prima facie* case to survive a motion to dismiss pursuant to Rule 12(b)(6), courts must consider a plaintiff's compliance with *McDonnell Douglas* when the plaintiff herself alleges circumstantial evidence of discrimination and then affirmatively defeats her own claim by later admitting that she cannot meet this burden. *See Mitchell*, 265 Fed. Appx. at 370-71. In *Mitchell*, the plaintiff set forth specific allegations under the *McDonnell Douglas* framework in her Complaint. *Id.* However, the court ruled that the plaintiff's allegations affirmatively demonstrated that he would not be able to meet his burden under the burden shifting framework. *Id.* As a result, the court properly granted the defendant/employer's Rule 12(b)(6) motion to dismiss. *Id.*

Clearly, Reddick's Complaint attempts to invoke the *McDonnel Douglas* burden-shifting framework, which states, in part, that an employment discrimination plaintiff must prove that she is a member of a protected class; that she was meeting the employer's legitimate expectations and that she was qualified for the position in question; that she suffered an "adverse employment action" at the hands of the employer, and that she was replaced by someone **outside of her protected class**, or that other similarly-situated employees **outside of her protected class** were treated more favorably. *See Howard v. United Parcel Serv., Inc.*, 447 Fed. Appx. 626, 629 (5th Cir. 2011). Here, Reddick alleges that St. Dominic's discriminated against her because it treated

her less favorably than other female co-workers—that is, less favorably than other employees **within her protected class**. *See* [Dkt. 1] at ¶¶9-17; 33-35.

Even if her allegations are true, which St. Dominic's must assume for purposes of this Rule 12(b)(6) motion, Reddick's allegations fail to state a claim that she was discriminated against—specifically, that she was terminated—because of her female gender.

### B. Reddick Failed to State a Negligence-Based Claim Upon Which Relief Can Be Granted.

In her Complaint, Reddick's third, fourth and fifth causes of action allege various claims premised on negligence. *See* [Dkt. 1] at ¶¶38-40. In this case, the relationship between Reddick and St. Dominic's was that of a traditional employer-employee. *See* [Dkt. 1] at ¶8. It is well-settled Mississippi jurisprudence that an employee's negligence claims against her employer—including claims of negligent infliction of emotional distress—are barred by the exclusivity of the Mississippi Workers' Compensation Act. *See*, *e.g.*, *Easterling v. AT&T Mobility, LLC*, 824 F. Supp. 2d 729, 732-33 (S.D. Miss. 2011) (citing *Berry v. Advance America*, 2007 WL 951590, at *3 (S.D. Miss. 2007) (holding state law claims based on negligence are barred by the exclusivity provision of the Mississippi Workers' Compensation Act)).

In *Easterling*, a Mississippi plaintiff and former employee of AT&T Mobility filed suit against her former employer in federal court for alleged violations of her rights under the Family and Medical Leave Act and the Pregnancy Discrimination Act. *See* 824 F. Supp. 2d at 729. In addition, the plaintiff also asserted Mississippi state law, negligence-based claims against her employer in her Complaint. *Id.* In granting the employer's Rule 12(b)(6) motion to dismiss, Judge Tom Lee held that "plaintiff's claims for negligence, gross negligence and negligent infliction of emotional distress are barred by the Mississippi Workers' Compensation exclusivity bar." *Id.* at 733-34 (citing *Berry*, 2007 WL 951590, at *3).

Reddick's claims of negligence, wanton negligence, and/or negligent infliction of emotional distress lack an "intent to injure" element—a legal requirement for an employee to assert a state-law tort claim against its employer. *See*, *e.g.*, *Stevens v. FMC Corp.*, 515 So. 2d 928 (Miss. 1987) (charge of "willful, gross and wanton act" by employer in failing to protect against known hazard did not allege intent to injure; workers' compensation benefits paid for accidental injury). Accordingly, Mississippi jurisprudence bars Reddick's claims against St. Dominic's for negligence, wanton negligence and negligent infliction of emotional distress, and the Court should dismiss these causes of action. .

### III.   CONCLUSION.

Of the five separate causes of action set forth in Reddick's Complaint against St. Dominic's, four fail to state a claim upon which this Court can grant relief. Reddick's gender-based discrimination claim fails because Reddick uses co-workers in her same protected class (female gender) as her alleged comparators.  Additionally, Reddick's multiple negligence claims fail pursuant to the exclusive remedy provision within the Mississippi Workers' Compensation Act.  For these reasons, the Court should dismiss with prejudice Reddick's claims for gender-based discrimination, negligence, wanton negligence, and negligent infliction of emotional distress.

Dated: April 25, 2018.

By: */s/ Lauren O. Lawhorn*
One of Its Attorneys

OF COUNSEL:

Stephen J. Carmody, MSB #8345
Lauren O. Lawhorn, MSB #103896
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
scarmody@brunini.com
llawhorn@brunini.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ottowa E. Carter, Jr., Esq.
OTTOWA E. CARTER, JR. P.A.
Post Office Box 31
Clinton, Mississippi 39060
Telephone:   (601) 488-4471
Facsimile:   (601) 488-4472
Email:       oec@ottowacarterlaw.com

This the 25th day of April, 2018.

By: /s/ *Lauren O. Lawhorn*
**Lauren O. Lawhorn**
**Attorney for St. Dominic-Jackson Memorial Hospital**