**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN D1STRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**VICTORIA C. REDDICK**                                                                 **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.:: 3:17-cv-530 DPJ-FKB**

**SAINT DOMINIC HOSPITAL,**
**and JOHN DOES 1-10**                                                      **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM BRIEF**
**IN SUPPORT  OF HER MOTION FOR LEAVE**
**TO FILE HER FIRST AMENDED COMPLAINT**

The Plaintiff, Victoria Reddick, files her Memorandum Brief in Support of Her Motion for Leave to File Her First Amended Complaint.  Because there is no undue delay, bad faith or dilatory motive, no evidence of repeated failure to cure deficiencies by amendments previously allowed, and the amendment will not cause any undue prejudice to Defendant Saint Dominic Hospital (Saint Dominic), the court should grant this motion.

**THE FACTS**

The Plaintiff filed this action on July 3, 2017 against Defendant Saint Dominic Hospital and John Does 1-10. (Doc. # 1)  On October 2, 2017, Plaintiff filed her Motion for Extension of Time to Serve Process after she attempted to serve Saint Dominic, but was told that the person listed as the registered agent with the Secretary of State was no longer the proper person to receive such service.  (Doc. # 3)   The court granted the motion on October 3, 2017.  (Doc. # 4) Service of process was completed on October 17, 2017 and Saint Dominic filed its Answer and Affirmative Defenses on November 28, 2017.  (Docs. # 3, 9)

1

The court filed its Case Management Order on February 2, 2018.   (Doc. # 13) Accordingly, motions to amend were to be completed by February 23, 2018 and discovery by September 20, 2018.  Id.  Saint Dominic filed its Partial Motion to Dismiss and Memorandum Brief in Support of same on April 25, 2018.  (Docs. # 20, 21)  It claimed Plaintiff's state law claims are barred by Mississippi's Workers' Compensation laws and the Complaint failed to state a claim with respect to her discrimination claim.  Id.  Plaintiff filed her unopposed motion for additional time to respond to this motion on May 7, 2018.  (Docs. # 22) Via text order dated May 8, 2018, the court granted this motion, extending  Plaintiff's time to respond to May 17, 2018.  (Text Order dated May 8, 2018)  The Plaintiff filed her second unopposed motion for additional time to respond to Saint Dominic's Partial Motion to Dismiss on May 17, 2018. (Docs. # 23) Via text order dated May 22, 2018, the court granted this motion, extending Plaintiff's time to respond to May 23, 2018.  (Text Order dated May 22, 2018)

Plaintiff's "Charge of Discrimination" clearly indicated that the basis of her discrimination claims were sex and retaliation.  (See Charge of Discrimination, attached to Plaintiff's Motion to Amend as Exhibit "A")  Although the facts set forth in the complaint are consistent with Plaintiff's sexual discrimination and retaliation claims, it appears that the averments stated a claim for gender discrimination rather than sexual harassment.  (Docs. # 20, 21) Therefore, Saint Dominic moved to dismiss this discrimination the alleged gender discrimination claim.  Id.

Plaintiff concedes that the state law claims are barred.  She agrees that the averments regarding the discrimination claim appear to assert a claim of gender discrimination as opposed to a discrimination claim based on sexual harassment as set forth in her Charge of Discrimination with the EEOC.  (See Exhibit "A," attached to Plaintiff's Motion to Amend)  Because the facts

set forth in the Complaint indicate that the Plaintiff actually seeks redress for discriminatory actions taken against her through sexual harassment by her immediate supervisor, the court should grant her leave to amend her complaint to correct any deficiency in her pleadings to state such a claim.  A proposed amended complaint is attached hereto as Exhibit "B" to Plaintiff's Motion to Amend.

<u>**ARGUMENT**</u>

**A.  THE LAW FAVORS GRANTING MOTIONS TO AMEND**

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely given" when justice so requires and "this **mandate is to be heeded**." *Foman v. Davis*, 371 U.S. 178, 182 (1962), citing 3 Moore, Federal Practice (2d ed. 1948)  ¶¶ 15.08, 15.10.  (Emphasis added). Thus, the language of this rule'"evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).  A request "to fix any infirmity" in a complaint is properly set forth in a motion to amend.  *See Central Laborers Pension Fund v. Integrated Electrical Services, Inc.*   497 F.3d 546, 556 (5th Cir. 2007). Therefore, "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports v. Diamond & Gem Trading*, 195 F.3d 765 (5th Cir. 1999).

The decision to grant leave to amend is within the district court's discretion.   Id. However, an "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id*.  Consequently, MRCP 15(a) "severely restricts the judge's freedom…" to deny a motion to amend.  *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 595, 597 (5th Cir. 1981).

In Foman, the Supreme Court reversed the Court of Appeals' affirmance of the district court's denial of the Plaintiff's motion to vacate a judgment to allow him to amend his complaint. *Foman v. Davis*, 371 U.S. at 182. The Foman Court emphasized that a plaintiff should be allowed to amend his complaint and test his claims on the merits "[i]n the absence of any apparent or declared reason --- such as undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*

In *Dussouy,* the Plaintiff appealed the district court's denial of his motion to vacate dismissal of his action and allow him to amend his complaint for the third time. 660 F.2d at 595, 597. The Plaintiff in that case had amended his complaint at the court's direction after the defendant filed a motion to strike and then a motion to dismiss. Id. at 597-598. After the Plaintiff voluntarily dismissed one of the defendants, the court found that the complaint failed to state a claim and dismissed the action. Id. at 588. The Fifth Circuit found that there was no undue delay or bad faith on Plaintiff's part and there was no failure to cure deficiencies through previously allowed amendments. Id. at 598-599. The Dussouy Court noted that there are numerous cases in which appellate courts held that motions to amend should have been granted after dismissal, entry of judgment, and "as late as trial or even after trial." Id. at 598. It then found that there was no evidence that Plaintiff had failed to cure deficiencies through prior amendments. Id. It then overruled the district's court's denial of plaintiff's third motion to amend, stating that "'[t]he discretion of the trial court simply was not broad enough to allow denial of the motion to amend in the circumstances this case presents." Id. at 600.

4

It is also clear that delay alone is insufficient to deny a motion to amend.  See *Mayeaux v. Louisiana Health Serv.,* 376 F.3d 420, 427 (5th Cir. 2004).  Rather, "[t]he delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."  Id. (citation omitted).

### B.  THE MOTION TO AMEND SHOULD BE GRANTED IN IN THIS CASE

In this case, there simply is no undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed.  Amending the complaint to correct alleged deficiencies will not change the nature of this lawsuit and not add an undue burden on the court.  Because the amendments arise out of the actions complained of in the original complaint, Saint Dominic will not be required to reopen discovery and prepare a defense for a claim substantially different from the one that was before the court.  While Saint Dominic will not suffer prejudice as a result of an amendment, Plaintiff will suffer undue prejudice if she is denied the opportunity to correct deficiencies in her Complaint to pursue her claims for sexual harassment and retaliation.

In addition, there is no evidence of bad faith or dilatory motive on the part of the Plaintiff.  Finally, there have been no repeated failures to cure deficiencies in this action as this motion is the first request to amend the pleadings.

Based on the above, the Court should grant Plaintiff's Motion for Leave to File Her First Amended Complaint.  Justice requires that she be given the opportunity to amend her Complaint to correct any alleged deficiencies.

**WHEREFORE, PREMISE CONSIDERED**, Plaintiff requests that after consideration of his Motion for Leave to File His First Amended Complaint, the Court issue its order granting same and provide ten (10) days after entry of said order to do so, holding a ruling on Defendant's

Partial Motion to Dismiss in abeyance, and for such other, further, and different relief as the

Court deems appropriate under the circumstances.

**RESPECTFULLY SUBMITTED,** this 23rd day of May, 2018.

**VICTORIA C. REDDICK, PLAINTIFF**

**BY: Ottowa E. Carter Jr._____**
         **OTTOWA E. CARTER, JR. (MSB # 8925),**
         **Her Attorney**

**OF COUNSEL:**

OTTOWA E. CARTER, JR., P.A.
604 Hwy 80 W., Suite N (39056)
P. O. Box 31
Clinton, MS 39060
Tel: (601) 488-4471
Fax: (601) 488-4472
Email:oec@ottowacarterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the ECF system which sent notification of such filing to the following:

        Lauren O. Lawhorn, Esquire
        Stephen Carmody, Esquire
        BRUNINI
        P. O.  Drawer 119
        Jackson, MS 39205

So certified, this 23rd day of May, 2018.

By: **/s/ Ottowa E. Carter, Jr**.
     **Ottowa E. Carter, Jr**.